IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WASHINGTON MUTUAL BANK<br>                    Plaintiff, | CV. 06-1098-PK |
| | FINDINGS AND<br>RECOMMENDATION |
|                v. | |
| JAMES E. JACOBSON, JR. et al.,<br>                    Defendants. | |

PAPAK, Magistrate Judge:

Before this court is plaintiff Washington Mutual Bank's motion for remand. Washington Mutual Bank ("WaMu") filed suit against defendants in the Clackamas County Circuit Court on June 27, 2006, in an effort to obtain a judgment on a promissory note. The defendants are: James E. Jacobson, Jr., Patricia Jacobson, Terry DeSylvia, Columbia Community Bank, Clunas Funding Group, Inc., Irwin Leitgeb, Clearlake Design LLC, and Clearlake LLC. Defendants James Jacobson and Patricia Jacobson ("the Jacobson defendants") removed the case to federal court pursuant to 28 U.S.C. §§ 1332 on July 31, 2006, and, thereafter, filed motions to join

indispensable parties and to dismiss.[1]  WaMu filed a motion to remand pursuant to 28 U.S.C § 1447(c) on August 28, 2006, arguing this court lacks subject matter jurisdiction due to the absence of complete diversity of defendants, that not all defendants joined in the notice of removal, and that the notice was procedurally defective.  On August 30, 2006, defendants Clunas Funding Group, Inc., Columbia Community Bank, Irwin Leitgeb, and Terry DeSylvia joined in WaMu's motion to remand on the grounds that none of those defendants have consented nor will consent to removal.  The Jacobson defendants filed an amended notice of removal on September 11, 2006.  For the reasons set forth below, the court recommends granting plaintiff's motion for remand to state court.

## LEGAL STANDARD

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action, such as when the claim arises under the Constitution, treaties, or laws of the United States.  28 U.S.C. § 1441(b).  In order for a federal district court to have jurisdiction to hear non-federal question claims, two things are required:  the amount in controversy must be at least $75,000 per defendant, and there must be complete diversity, meaning each defendant is from a different state than the plaintiff.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  A motion to remand is the proper procedure for challenging removal to district court.  See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995).

In addressing a motion to remand, the court looks to whether the case was properly

---

[1]This court stayed the motion to join indispensable parties and the motion to dismiss pending a ruling on plaintiff's motion to remand.  Subsequently, the Jacobson defendants voluntarily withdrew those motions (No. 20), and this court then denied them as moot (No. 21).

Page 2 - FINDINGS AND RECOMMENDATION

removed to federal court in the first instance. Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1426 (9th Cir. 1984). The defendants have the burden of demonstrating that removal is appropriate by a preponderance of the evidence. Cohn v. Petsmart, Inc., 281 F.3d 837, 839-40 (9th Cir. 2002); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Federal courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## FACTUAL BACKGROUND

WaMu filed their case against all defendants for the purpose of obtaining a judgment against the Jacobson defendants on a promissory note between the Jacobsons and WaMu on which the Jacobsons owe in excess of $1,000,000. WaMu also seeks to reinstate a deed of trust that secured the promissory note. While the Jacobsons dispute that they owe this amount to WaMu, this court notes the recent disposition of a substantially similar case involving the same parties and the same dispute in which Judge Ancer Haggerty found that the loan between the Jacobsons and WaMu was valid, and that the Jacobsons had failed to repay the balance.[2]

On our about March 2006, WaMu discovered that it had inadvertently reconveyed the deed of trust in September 2002, only one month after the Jacobsons signed the Promissory Note. Since the inadvertent reconveyance, the Jacobsons have caused several transfers of title to occur. These transfers of title are relevant as they have created a larger group of companies and individuals that have an interest in the property in question.

Prior to December 18, 2004, the Jacobsons owned real property commonly known as

---

[2] See Jacobson v. Washington Mutual Bank, No. CV-05-0848-HA. Order of August 15, 2006, dismissing the action without prejudice.

Page 3 - FINDINGS AND RECOMMENDATION


22325 SW Stafford Road, Tualatin, Oregon ("the property"), as tenants by the entirety. On December 18, 2004, Patricia Jacobson quitclaimed her interest in the property to James Jacobson. The deed was recorded on December 22, 2004.

On June 21, 2005, James Jacobson conveyed the property to Clearklake Design, LLC, an Oregon limited liability company. The deed was recorded on June 22, 2005.

On June 14, 2006, Clearlake Design, LLC, acting by and through James Jacobson, its managing member, conveyed the property to Clearlake LLC, a Washington limited liability company. The deed was recorded on June 15, 2006.

The Jacobsons, Clearlake Design, LLC and/or Clearlake LLC also caused additional liens to be placed on the property. On June 21, 2005, Clearlake Design, LLC gave a trust deed to Irwin Leitgeb to secure a loan for $550,000. Terry DeSylvia acted as trustee. On December 13, 2005, Clearlake Design LLC gave a trust deed to Clunas Funding Group, Inc. to secure a loan for $180,000. Terry DeSylvia acted as trustee. On June 12, 2006, Clearlake LLC gave a trust deed to Clunas Funding Group, Inc. to secure a loan for $120,000. Terry DeSylvia acted as trustee. In order to reinstate its priority position on the title, WaMu was required to name all of the defendants in this lawsuit who now have some right, title or interest in the property.

DISCUSSION

WaMu contends that the Jacobson defendants improperly removed this case to federal court on a number of grounds, and that this case should be remanded to state court.

Diversity

WaMu argues that the Jacobson defendants have failed to satisfy the requirement of complete diversity of parties and, thus, that removal was improper. This court agrees. The

Jacobson defendants base their claim for diversity jurisdiction on the conclusion that WaMu is incorporated in Washington state, and principally operates there, and that the Jacobsons are Oregon residents. Citing Hancock Financial Corp. v. Federal Savings and Loan Insurance Corp., 492 F.2d 1325, 1329 (9th Cir. 1974), WaMu argues that as a "federally chartered thrift", see Exh. 3 to French Decl. in Support of Motion to Remand, it is not a citizen of any particular state for diversity purposes. We do not, however, have to resolve whether WaMu is an agency and instrumentality of the federal government[3] or a national bank and deemed a citizen of the state in which it is located pursuant to 28 U.S.C. § 1348.

Assuming without deciding that the Jacobson defendants could establish that WaMu is a citizen of Washington, diversity is still incomplete as Mr. Jacobson has failed to meet his burden of showing that he is a citizen of Oregon.[4] Mr. Jacobson owns and operates a business in Washington, has business offices in Washington, lists his contact information as addresses in Washington, lists contact telephone numbers with Washington area codes, and is an active member of the bar in Washington. Mr. Jacobson admits that he no longer lives at the property in question in Oregon, and that he considers himself a Washington resident. See Exh. 6 at 1 to French Decl. in Support of Plaintiff's Reply (Jacobson description of his ongoing connection to Washington to opposing counsel and concluding that "I guess I'm declaring myself a WA resident, or I will be soon"). Thus even if WaMu were a citizen of Washington, complete diversity would not exist because Mr. Jacobson has not established that he is an Oregon resident.

---

[3] In Hancock, the court held that the Federal Savings and Loan Insurance Corporation, which is an agency and instrumentality of the federal government, is not a citizen of any particular state for diversity purposes.

[4] The parties do not dispute that Mrs. Jacobson's domicile is Lake Oswego, Oregon.

Page 5 - FINDINGS AND RECOMMENDATION

Failure to affirmatively establish complete diversity of citizenship between the parties is fatal to a claim of diversity jurisdiction. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The Jacobson defendants have failed to establish complete diversity and this court lacks jurisdiction.[5] WaMu's motion for remand should be granted.

Necessity of All Defendants

As WaMu correctly points out, removal requires unanimity among defendants, such that all defendants must join or consent in writing to removal. Parrino v. FHP, 146 F.3d 699, 703 (9th Cir.), cert. denied, 525 U.S. 1001 (1998), citing Emrich v. Touche Ross Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The Jacobson defendants argue that the other named defendants are fictitious or sham parties, or are defendants fraudulently joined. As noted above, the other named defendants have financial interests in the property in question and are necessary parties in this action in that WaMu must name all defendants who have some right, title or interest in the property in order to reinstate its priority position on the title. Several defendants–Clunas Funding Group, Inc., Columbia Community Bank, Irwin Leitgeb, and Terry DeSylvia–actually joined in WaMu's motion to remand on the grounds that those defendants have not consented and will not consent to removal. See Docket No. 9. Because the Jacobson defendants failed to obtain consent from the other defendants to remove this matter to federal court, WaMu's motion for remand should be granted.

---

[5]The court notes the Jacobson defendants' argument in their Amended Notice of Removal that this court has subject matter jurisdiction based on new allegations of federal law violations. However, the Amended Notice of Removal is untimely, and the Jacobson defendants may not allege counterclaims based on federal law simply to establish jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 399 (1987).

Page 6 - FINDINGS AND RECOMMENDATION

Remand Notice Defect

WaMu argues that the Jacobson defendants' remand notice is procedurally defective on its face because it fails to accurately or completely list the parties to this action and their citizenship. These elements are required under Ninth Circuit law to establish diversity. See Kanter, 265 F.3d at 857-58. The Jacobson defendants' removal notice was defective.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for remand to state court (No. 3) should be granted and an Order of Remand should be entered.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 19, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 3rd day of December, 2006.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge